**NOT FOR PUBLICATION**

FILED

SEP 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAESAR GABRIEL COTA,<br><br>                Petitioner - Appellant,<br><br>  v.<br><br>ANTHONY HEDGPETH, Warden,<br>Salinas Valley State Prison, CDC,<br><br>                Respondent - Appellee. | No. 11-55171<br><br>D.C. No. 8:09-cv-00613-DMG-VBK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted August 27, 2013
Pasadena, California

Before: O'SCANNLAIN and CHRISTEN, Circuit Judges, and COGAN, District
Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]   The Honorable Brian M. Cogan, District Judge for the U.S. District
Court for the Eastern District of New York, sitting by designation.

Petitioner Caesar Gabriel Cota was convicted of kidnaping to commit a sex offense and forcible oral copulation. He appeals the district court's denial of his petition for habeas corpus. Cota claims that the admission of testimony concerning out-of-court statements made by the victim to her aunt shortly after the attack violated the Confrontation Clause of the Sixth Amendment.

The California Court of Appeal held that such admission did not violate the Confrontation Clause because the victim's statements were not testimonial. The petition cannot be granted unless this ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "That statutory phrase refers to the holdings, as opposed to the dicta, of" the Supreme Court's decisions. *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

The state court's ruling was not contrary to or an unreasonable application of the Supreme Court's Confrontation Clause cases. Neither *Crawford v. Washington*, 541 U.S. 36 (2004), nor *Davis v. Washington*, 547 U.S. 813 (2006), addressed "whether and when statements made to someone other than law enforcement personnel are 'testimonial.'" *Davis*, 547 U.S. at 823 n.2. Despite Cota's arguments to the contrary, the Supreme Court's brief description of *King v. Brasier*, 1 Leach 199, 168 Eng. Rep. 202 (1779), in *Davis*, 547 U.S. at 828, did not

2

clearly establish federal law regarding whether statements made to a relative are testimonial.

**AFFIRMED**